**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Arrison, et al., | No. CV-21-00481-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Walmart Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants Wal-Mart Inc. and Wal-Mart Associates, Inc.'s Motion to Dismiss. (Doc. 27.) Plaintiffs Kathy Arrison and Tristan Smith responded, (Doc. 28), and Defendants replied, (Doc. 29). The Court has considered the pleadings and the relevant law and now issues this order denying Defendants' motion. While oral argument was requested, the Court does not find that it would be helpful.

## I. FACTUAL ALLEGATIONS

Plaintiffs filed this class action lawsuit seeking redress for Walmart's policy of requiring workers to show up early for their shifts to undergo unpaid, mandatory COVID-19 screenings. Plaintiffs bring claims under (1) under Arizona Wage Law, A.R.S. §§ 23-351 and 23-355, for the failure to pay for the number of hourly wages its workers reasonably worked; (2) under A.R.S. § 23-364 for violation of record keeping requirements; and (3) for unjust enrichment/quantum meruit. (Doc. 26.) Defendants filed their Motion to Dismiss attempting to dismiss only Plaintiffs' unjust enrichment claim. (Doc. 27.) The relevant factual allegations in Plaintiffs' First Amended Complaint

("FAC") are as follows.

In the Spring of 2020, Walmart implemented a company-wide policy requiring its workers to undergo a mandatory COVID-19 screening each shift. (Doc. 26 ¶ 1.) As part of the screening, Walmart required workers to arrive before their scheduled shift to complete a questionnaire, screening, and body temperature scan. (*Id*.) Walmart did not pay its employees for the time spent undergoing these COVID-19 screenings. (*Id.* ¶ 14.) Plaintiffs are hourly employees of Walmart who are paid for time they were "clocked in" at Walmart. (*Id.* ¶ 19.) After the COVID-19 scan, employees may enter the store and must walk to the opposite end of the store to clock in for the day. (*Id*. ¶ 25.) Walmart employees, including Plaintiffs, are not allowed to clock in until after they pass the COVID-19 screening. (*Id.* ¶ 27.) The time it takes to wait for and complete the COVID-19 screening is 10 to 15 minutes on average. (*Id.* ¶ 30.) Employees were subjected to discipline if they failed to comply. (*Id.* ¶ 32.) Plaintiffs contend that this time should be compensated as part of their work time. (*Id*. ¶ 31.) The FAC alleges that the COVID-19 examinations are "primarily, if not entirely for Walmart's benefit." (*Id.* ¶ 39.) However, the FAC also alleges that the COVID-19 screenings were "also necessary to the principal work performed by Plaintiffs and were necessary to ensure a safe environment for Walmart's customers." (*Id.* ¶ 37.) Additionally, the FAC alleges that, without the COVID-19 screenings, "workers could have unintentionally brought the virus into the Walmart facilities causing a mass breakout of the virus infecting hundreds to thousands of other workers and customers of Walmart." (*Id*. ¶ 39.)

## II.    STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence

of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III. ANALYSIS

### A. Second Element of Unjust Enrichment Claim

In their Motion to Dismiss, Defendants only challenge Plaintiffs' unjust enrichment claim. Defendants first argue that that claim must fail because Plaintiff failed to allege facts

showing that Walmart was enriched at Defendants' expense. (Doc. 27 at 5.) Specifically, Defendants argue that Walmart was not enriched at Plaintiffs' expense because the COVID-19 screenings benefitted both Defendants and Plaintiffs. (*Id.*)

"An unjust enrichment claim requires proof of five elements: '(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law.'" *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 283 P.3d 45, 49 (Ariz. Ct. App. 2012) (quoting *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011)). "In short, unjust enrichment provides a remedy when a party has received a benefit at another's expense and, in good conscience, the benefitted party should compensate the other." *Id.*

Defendant argues that Plaintiffs cannot satisfy the second element of the unjust enrichment claim, that Plaintiffs were impoverished or that Walmart was enriched at Plaintiffs' expense. (Doc. 27 at 5.) In support or their argument, Defendants cite to *City of Sierra Vista v. Cochise Enterprises, Inc.*, 697 P.2d 1125, 1131-32 (Ariz. Ct. App. 1984), among other cases. In that case, the Arizona Court of Appeals found that there was no impoverishment because requiring Cochise Enterprises to hook up their properties to the city sewer system enhanced the value of its lots "by making them eligible for financing and saleable." *Id.* at 1132. The situation, as alleged here, is distinguishable. Although Plaintiffs may have obtained a benefit in a general sense by being screened for COVID-19 before being allowed to work, they lost valuable time each day at the direction of their employer for which they were not compensated. Unlike in *Sierra Vista* where Cochise Enterprises received a financial benefit, no objective benefit was received by the workers here.

Defendants also point to *Freeman* to support their argument. 245 P.3d 927. In that case, two landowners regularly used the same roadway easement. *Id.* at 930. One landowner paid for maintenance on the roadway easement and sued the other for unjust enrichment, among other claims, to recoup money expended on maintaining the easement.

*Id.* The Arizona Court of Appeals found that the trial court did not abuse its discretion in denying the plaintiffs' unjust enrichment claim. *Id.* at 936. At trial, the trial court found that the plaintiffs "would have spent exactly the same amount had [the defendant] not owned property in the area." *Id.* at 937. Thus, the expenditures were not made solely to benefit access to defendant's home. *Id.* The facts of this case are much different from those in *Freeman* where the plaintiffs voluntarily undertook repair and maintenance costs for their easement and then sued the defendant for unjust enrichment. Unlike in *Freeman*, the Plaintiffs here were required to undergo the COVID-19 screenings without pay to remain employed. While Plaintiffs may have benefited in the general sense by being assured a COVID-19 free workplace, they were forced to spend unpaid time at work at the direction of their employer or face discipline.

Analyzing the second element of Plaintiffs' unjust enrichment claim under the Rule 12(b)(6) standard, Plaintiffs were impoverished in that they were required to show up to work 10 to 15 minutes early each shift for their COVID-19 screening—time for which they were not compensated and could have used for their own purposes if not for Walmart's policy. Accordingly, the Court determines that the allegations in the complaint sufficiently allege that workers were impoverished of time for which they were not given compensation for the benefit of Walmart. Thus, the second element of their unjust enrichment claim is satisfied.

**B. Fourth Element of Unjust Enrichment Claim**

Defendants also argue that Plaintiffs' complaint fails to plead facts that demonstrate that it would be just for Walmart to benefit from the screenings (the fourth element of unjust enrichment). (Doc. 27 at 7.) However, that element is plead by implication. Here, Walmart required employees to spend additional time at work performing COVID-19 screenings at Walmart's direction without compensation. Under these facts, it is unjust for Walmart to retain the money it failed to pay employees for extra time performing tasks on the company's behalf. The federal district court cases cited by Defendants to support their argument are factually distinguishable. *See, e.g.*, *Howard v. Gap, Inc.*, No. C 06-06773

WHA, 2007 WL 164322, *4 (N.D. Cal. Jan. 19, 2007) (finding the plaintiff received a benefit from being required to purchase Gap clothing to wear while working at the Gap because she received something of *objective value*—clothing that she could wear after she stopped working at the Gap).

Here, the COVID-19 screenings had value in some general sense by helping to facilitate a safe workplace, but a safe workplace has no objective value—it cannot be monetized. As alleged, workers received nothing of objective value in exchange for the extra time and attention they gave to their employer for COVID-19 screenings. Thus, allowing Walmart to retain money, that in fairness should have been paid to workers for their time, would be unjust. Accordingly, the Court finds that the fourth element of Plaintiffs' unjust enrichment claim has been plead by implication.

**IV.     CONCLUSION**

The facts, as alleged in the FAC, support an unjust enrichment claim. Accordingly,

**IT IS ORDERED** denying Defendants' Motion to Dismiss. (Doc. 27.)

**IT IS FURTHER ORDERED** vacating oral argument scheduled for November 8, 2021.

Dated this 28th day of October, 2021.

Honorable Susan M. Brnovich
United States District Judge

- 6 -